*In re* R.D.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. R.D.M., Respondent-Appellant).

Third District   No. 3—99—0572

Opinion filed June 8, 2000.

Andrea Ledbetter, of Chicago, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Judith Z.

Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The minor, R.D.M., was adjudicated delinquent on a charge of vehicular hijacking (720 ILCS 5/18—3 (West 1998)). He was committed to the Illinois Department of Corrections, Juvenile Division, for an indeterminate term not to exceed his twenty-first birthday. On appeal, he contends that the trial court erred in failing to admonish him pursuant to Supreme Court Rule 402(d)(3) (177 Ill. 2d R. 402(d)(3)) at the time he admitted the allegations of the delinquency petition. He further contends that his sentence was excessive, that the trial court failed to consider his rehabilitative potential, and that the court improperly considered an aggravating factor that was inherent in the offense. We affirm.

On December 28, 1998, the 14-year-old minor approached an 81-year-old man as the man attempted to enter his car in the parking lot of a nursing home. The minor showed the man a knife and demanded the keys to the car. The man turned his keys over to the minor, but asked if he could retrieve his cane from the backseat. The minor allowed the man to retrieve his cane, but then absconded with the car.

The minor was arrested the following day in Chicago. Police officers had seen the minor driving the stolen vehicle the wrong way down a one-way street. Once apprehended, the minor admitted taking the car from the elderly man. He told the police that he had planned the crime for the parking lot of a nursing home because he believed that an elderly person would not put up a fight.

The minor was initially charged with aggravated vehicular hijacking (720 ILCS 5/18—4 (West 1998)), with the aggravating factor being the age of the victim. However, when the matter came up for trial, the parties entered into an agreed disposition. Initially, the State agreed to reduce the degree of the offense by striking any reference to the aggravating factor. The prosecutor then stated, "The plea disposition would be a request for a dispositional report from Probation and to be screened for intensive probation services."

After hearing the proposed agreement, the trial judge outlined the charges to the minor and asked him if he understood them. She told the minor that he could be sentenced to the Juvenile Division of the Illinois Department of Corrections for an indeterminate period not to exceed his twenty-first birthday. The judge explained to the minor that, by admitting the delinquency petition, he was giving up his right to stand trial and be proven guilty beyond a reasonable doubt. She told the minor that he was giving up his right to confront and cross-

examine the witnesses against him and to present witnesses of his own. She also told him that he had the right to remain silent and force the State to prove his guilt without any testimony from him. The minor stated that he understood these explanations and still wanted to admit the petition.

The judge asked the minor if he had been forced to admit the petition or if anyone had threatened him. The minor replied that he was admitting the petition as his voluntary act.

The trial judge further noted that a motion to suppress the minor's confession had been filed. She told the minor that if he admitted the petition, he would be giving up his right to challenge his confession. The minor indicated that he understood this consequence of his admission.

The State presented a factual basis for the minor's admission, and the trial court accepted the admission and ordered the preparation of a dispositional report. She further ordered the minor to be screened for intensive probation.

At the dispositional hearing, the court learned that the minor had met the acceptance criteria for intensive probation. The dispositional report contained the minor's version of the events that led to his arrest. In this version, the minor claimed that he had not stolen the car but had only ridden to Chicago with a friend who had stolen the car. The minor reported that he had lived with his mother in Chicago most of his life, with the exception of one year when he was seven or eight that he lived with his father. He had joined the Gangster Disciples street gang at age 14. Two months before the instant crime was committed, his mother had sent him to Joliet to live with his aunt. The probation department recommended that the minor be placed with the Illinois Department of Corrections for a 60-day evaluation.

After listening to the arguments of counsel, the trial judge stated that she would not consider placing the minor on intensive probation. She found the minor's offense to be egregious, and she opined that the protection of the public warranted the commitment of the minor to the Illinois Department of Corrections, Juvenile Division, for an indeterminate period not to exceed his twenty-first birthday.

The minor argues first on appeal that the trial court erred in failing to admonish him pursuant to Supreme Court Rule 402(d)(3).

■ Supreme Court Rule 402 governs plea discussions and agreements. It provides that, if the parties reach a tentative agreement which contemplates a plea of guilty in exchange for a specific sentence or a dismissal of other charges, the judge may review the tentative agreement and concur or conditionally concur in it. 177 Ill. 2d R. 402(d)(2). If the judge's conditional concurrence is not sought, or if

the judge declines to give it, then the judge must inform the defendant that the court is not bound by any agreement between the parties. 177 Ill. 2d R. 402(d)(3).

■ Supreme Court Rule 402(d)(3) is inapplicable to the case at bar. That rule is triggered only when the defendant agrees to plead guilty in exchange for a specific sentence or the dismissal of other charges. It is clear from the record that the minor agreed to admit the delinquency petition in exchange for (1) a reduction in the seriousness of the offense rather than the dismissal of any charge and (2) a screening for intensive probation rather than the imposition of a specific sentence. Because neither of the events that would trigger a Rule 402(d)(3) admonishment occurred in the instant case, the minor was not entitled to be told that the court was not a party to his agreement with the State. We hold that the trial court did not err in failing to so admonish him.

■ Next, the minor contends that his sentence is excessive. Specifically, he maintains that the trial judge failed to consider his rehabilitative potential and considered as an aggravating factor an element inherent in the offense.

The Juvenile Court Act of 1987 (705 ILCS 405/1—1 *et seq*. (West 1996)) gives the trial court wide discretion in determining an appropriate disposition when a juvenile is adjudicated delinquent. *In re N.W.*, 125 Ill. App. 3d 367, 465 N.E.2d 990 (1984). The court may order, *inter alia*, that the minor be placed on probation or conditional discharge, admitted for treatment of a drug addiction, committed to the Department of Corrections or placed in detention. 705 ILCS 405/5—23(1)(a) (West 1996). The court's dispositional order will not be overturned on appeal unless it is against the manifest weight of the evidence. *In re V.B.*, 178 Ill. App. 3d 842, 533 N.E.2d 1150 (1989).

In the instant case, the trial court determined that a sentence to the Illinois Department of Corrections was appropriate because the minor had carefully planned his crime. The minor chose to prey on an elderly person because he believed that an elderly person would not challenge his demand for the car. In committing the offense, the minor wielded a knife, a weapon that could have been put to deadly use. In addition, the dispositional report showed that the minor was a member of a violent street gang. Based on these facts, the trial court could properly conclude that the safety of the public required that the minor be sentenced to the Department of Corrections.

It is clear from the record that the trial judge considered the fact that this was the minor's first criminal act and, thus, the minor might have been amenable to rehabilitation. However, it is equally clear that the trial judge determined that the seriousness of the offense and the

protection of the public outweighed the minor's rehabilitative potential.

Further, the minor's claim that the trial judge considered as an aggravating factor an inherent element of the offense is without merit. The minor admitted to a charge of vehicular hijacking, and the trial judge considered the victim's age as an aggravating factor. Nowhere in the statute forbidding vehicular hijacking is the age of the victim made a factor. A person of any age may be the victim of vehicular hijacking. Although the age of the victim may be an inherent element of the offense of aggravated vehicular hijacking, that is not the offense to which the minor admitted his guilt.

In short, we hold that the decision of the trial court to commit the minor to the Illinois Department of Corrections, Juvenile Division, is not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER, P.J., and HOMER, J., concur.